The Honorable Frank J. Willems State Representative Route 3 Paris, Arkansas 72855
Dear Representative Willems:
This is in response to your request for an opinion concerning the constitutionality of a Department of Human Services policy adopted pursuant to the "Drug-Free Workplace Act of 1988", and Executive Order 89-2, signed by Governor Clinton on March 30, 1989.
For the reasons that follow, it is my opinion that the policy is constitutional.
The "Drug-Free Workplace Act of 1988", (41 U.S.C. § 701 et seq.), requires federal contractors and grantees to provide "drug-free" workplaces as a condition of receipt of federal monies. Specifically, the act provides, as regards grantees,[1] as follows:
 (a) Drug-free workplace requirement. (1) Persons other than individuals. No person, other than an individual, shall receive a grant from any Federal agency unless such person has certified to the granting agency that it will provide a drug-free workplace by:
 (A) publishing a statement notifying employees that the unlawful manufacture, distribution, dispensation, possession, or use of a controlled substance is prohibited in the grantee's workplace and specifying the actions that will be taken against employees for violations of such prohibition;
* * *
 (C) making it a requirement that each employee to be engaged in the performance of such grant be given a copy of the statement required by subparagraph (A);
Arkansas Executive Order 89-2 orders the implementation of a drug-free workplace policy which is applicable to all state agencies, regardless of the receipt of federal funds.[2] The policy prohibits controlled substance use, manufacture, sale, or other transfer in the workplace, and requires an employee to notify the agency within five days after he or she is convicted for violating state or federal drug statutes, where such violation occurred in the workplace.[3] Paragraph (2) on page 4 of the Order provides:
 (2) Each contracting state agency shall communicate such policy to those employees covered under the Act, and maintain proof of such communication in the agency's records[.] [Emphasis added.]
In its effort to comply with the act and the executive order above, the Department of Human Services, (DHS), adopted Policy No. 1051, which restates the policy set out in the Governor's order, and requires each employee to sign an acknowledgement which provides as follows:
 I, _______________________ , an employee of ___________________, hereby certify that I have received a copy of this agency's policy regarding the maintenance of a drug free workplace. I realize that the unlawful manufacture, distribution, dispensation, possession or use of a controlled substance is prohibited on this agency's premises and violation of this policy can subject me to discipline, up to and including termination. I realize that as a condition of employment on such federal contract, I must abide by the terms of this policy and will notify my employer of any criminal drug conviction for a violation occurring in the workplace no later than five (5) days after such conviction. I further realize that federal law mandates that my employer communicate this conviction to the federal agency, and I hereby waive any and all claims that may arise for conveying this information to the federal agency.
As can be seen by a review of these provisions, the "Drug-Free Workplace Act of 1988" requires that federal grantees and contractors give their employees a copy of a statement informing them of the prohibited conduct and the actions to be taken in the event of violation. Executive Order 89-2 adopts a state policy applicable to all state agencies and requires that each agency communicate the policy to employees and maintain proof of the communication in its records. DHS Policy No. 1051, and Attachment "B" thereto, is the Department's adopted way of maintaining this "proof".
Your specific question is whether DHS Policy 1051's requirement that all employees sign Attachment "B" is constitutional. You do not state upon which grounds the requirement might be unconstitutional, but it is evident from the documents supplied us that the employee involved believes that requiring her to sign the attachment violates her Fifth Amendment right against self-incrimination. Thus we will confine our review to this argument.
It is my opinion that this question can be disposed of easily and without reference to any procedural issues such as when and in what circumstances the right attaches, and whether the right is claimed under the Fifth Amendment to the United States Constitution, or under Arkansas Constitution Art. 2, 8. This is so because as a substantive matter, the language of the acknowledgement, and the requirement that it be signed by DHS employees, in no way tends to incriminate an employee. The acknowledgement merely states that the employee is aware of the policy, and realizes that violating it could mean discipline or termination. Even if the employee in question were presently violating the policy, the signing of this acknowledgement would in no way be of help in a criminal prosecution against her.
Additionally, the requirement that the employee notify her employer within five days of a criminal drug conviction for activity occurring in the workplace in no way incriminates the employee, as a conviction has already occurred.
It is thus my opinion, that DHS Policy 1051, and Attachment "B" thereto, does not violate this employee's right against self-incrimination.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
[1] We have not been provided with specific information to determine whether DHS, with respect to this issue, is a federal contractor or a federal grantee. The requirements of the act are similar for each. It is assumed herein that DHS is subject to the federal act either as a "grantee" or "contractor."
[2] Executive Order, paragraph 5. This policy is of course applicable to DHS, as it is an agency of state government.
[3] This is also a requirement of the federal act.